IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED ASSOCIATION OF THE | ) | |
| PLUMBING AND PIPE FITTING | ) | |
| INDUSTRY OF U.S AND CANADA, | ) | |
| LOCAL NO. 360, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-511-RJD |
| | ) | |
| EHRET, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

Before the Court is Plaintiffs' Amended Supplemental Motion for Summary Judgment
(Doc. 46) and supporting memorandum (Doc. 34) against Defendant. Plaintiffs filed suit against
Defendant pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §
1132, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (Doc. 1). Plaintiffs
allege Defendant is a party to a collective bargaining agreement with United Association of the
Plumbing and Pipefitting Industry United States and Canada, Local 360 ("Local 360") and is
required to pay fringe benefit contributions for each hour of covered work, as well as to submit
monthly report forms. Additionally, under the collective bargaining agreement, Defendant is
subject to paying one and a half percent (1.5%) liquidated damages on delinquent contributions as
well as Plaintiffs' attorneys' fees in its efforts to collect owed contributions.

In their instant Motion (Doc. 46), Plaintiffs seek summary judgment against Defendant in
the total amount of $25,750.35. Plaintiffs previously sought the total amount of $51,994.87,

consisting of $2,611.08 in liquidated damages for the period of September 2014 through June 2017, based on late-paid contributions, $41,346.83 in unpaid contributions for July 2017 through December 2017 based on reports submitted without payments, $3,389.50 for 401k deductions for this period, $1,798.64 for liquidated damages for this period, $48.22 for Department of Labor penalties for this period, and $2,800.60 in union dues for this period. Defendant subsequently paid $19,332.95 for July and August 2017 contributions and then $6,911.57 for September 2017 contributions. The remaining amount due is $25,750.35.

In support, Plaintiffs have attached the affidavit of Don Degonia, the Business Manager of Local 360 and Trustee of the Plumbers Local No. 360 Pension Fund, Supplemental Pension Fund, Health and Welfare Fund, Vacation Fund, and Training Fund (Doc. 33-1). Attached to the Degonia Affidavit are various exhibits, including a copy of the collective bargaining agreement at issue (33-2), various monthly reports of benefits owed which Plaintiffs allege were never paid (Ex. 33-4), and a spreadsheet showing the amounts owed to Plaintiffs by Defendant for September 2014 through December 2017 (Ex. 33-5).

Although Defendant did appear and file its Answer (Doc. 19), it never responded to Plaintiffs' Motion for Summary Judgment (Doc. 33) or the Amended Supplemental Motion for Summary Judgment (Doc. 46). Pursuant to LOCAL RULE 7.1(c), "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." However, the Court is still obligated to ensure that the evidence submitted by Plaintiffs properly substantiates their assertions of entitlement to summary judgment.

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also*

*Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Reviewing the relevant documents, the Court finds that the terms of the Collective Bargaining Agreement obligate a participating party to pay contributions as well as a 1.5% liquidated damages amount on delinquent or unpaid contributions (Doc. 33-2, Art. 19). From the evidence and the record, it is clear that Defendant was a participating party at the relevant time for which Plaintiffs seek reimbursement of unpaid contributions and liquidated damages.[1] The amended supplemental motion reflects the amount Plaintiffs claim is currently owed.

---

[1] Although Plaintiffs have submitted an unsigned copy of the Collective Bargaining Agreement (Doc. 33-2), the fact that Defendant has admitted (see Doc. 19 – Answer, ¶ 9, 12) Plaintiffs allegation that "the collective bargaining agreement with the Local 360 requires signatory employers to make monthly reports on all covered employees in their employ showing the number of hours worked, and to contribute on a monthly basis to the Plaintiff funds" allows the Court to comfortably find Defendant is a participating party to the Collective Bargaining Agreement. Further, Plaintiffs' Exhibits consisting of several contribution payment reports submitted by Defendant for the months of July 2017 through December 2017, and recent payments for contributions for the months of July through September 2017, signify Defendant's contractual obligation.

Specifically, the Exhibits attached to the Affidavit (Doc. 33, Exhibits 1-7) show Defendant owes $2,611.08 in liquidated damages for the period of September 2014 through June 2017, based on late-paid contributions, $15,102.31 in unpaid contributions for October 2017 through December 2017 based on reports submitted without payments, $3,389.50 for 401k deductions for the period of July 2017 through December 2017, $1,798.64 for liquidated damages for this period, $48.22 for Department of Labor penalties for this period, and $2,800.60 in union dues for this period in the total amount of $25,750.80. In sum, the Court finds that the evidence on the record warrants granting summary judgment in favor of Plaintiffs in the amount requested.

Accordingly, Plaintiffs' Amended Supplemental Motion for Summary Judgment (Doc. 46) is hereby **GRANTED** in favor of Plaintiffs and against Defendants in the total amount of $25,750.35, plus attorneys' fees and court costs.[2] Plaintiff is **DIRECTED** to file supporting documentation concerning attorneys' fees and costs. Thereafter, the Court will enter final judgment.

**IT IS SO ORDERED.**

**DATED:  June 28, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[2] The Court finds Defendant is also obligated under the Collective Bargaining Agreement to pay Plaintiffs' reasonable attorneys' fees and court costs under Article 19 (see Doc. 33-2, Art. 19) as well as a statutory obligation under 29 U.S.C. § 1132(g)(2).